IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
OCALA  DIVISION

CASE NO.  5:11-cv-378-0c-10 DAB

SUSAN PRICE,

      Plaintiff,

v.

POLLACK & ROSEN, P.A.. and
UNIFUND CCR PARTNERS G.P.,

      Defendants.

_____/

FILED

2011 JUN 29  AM 10:41
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

## NATURE OF ACTION

1.     This  is  an  action  brought  under  the  Fair  Debt  Collection  Practices  Act

("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Florida Consumer Collection Practices Act, Fla.

Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts

and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in

this district, and where Defendant transacts business in this district.

## PARTIES

4.     Plaintiff, SUSAN PRICE ("Plaintiff"), is a natural person who at all relevant

times resided in the State of Florida, County of Marion, and City of Ocklawaha.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, POLLACK & ROSEN, P.A., ("Defendant") or ("Pollack") is a

professional  association  who  at  all  relevant  times  was  engaged,  by  use  of  the  mails  and

telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA..

7.      Defendant Pollack is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well as the FCCPA.

8.      Defendant, Unifund CCR Partners G.P., ("Unifund") is a general partnership who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9.      Unifund is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well as the FCCPA.

## FACTUAL ALLEGATIONS

10.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

11.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant Pollack, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12.      Defendant Unifund uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13.      Unifund purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

14.    Unifund acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

15.    Defendant Pollack is thoroughly enmeshed in the debt collection business, and Pollack is a significant participant in Unifund's debt collection process.

16.    In connection with the collection of an alleged debt, Defendant Pollack & Rosen, itself and on behalf of Defendant Unifund, sent Plaintiff written communication dated April 14, 2011 in which Defendant represented that Plaintiff's "Current Balance" was $400.00. However, in the body of said letter, Defendant stated that, "Plaintiff's balance" was $2,926.04, and as such, Defendant falsely represented the character, amount or legal status of Plaintiff's debt. (See April 14, 2011 Correspondence, attached hereto as Exhibit "A").

17.    In connection with the collection of an alleged debt, Defendant Pollack & Rosen, itself and on behalf of Defendant Unifund, sent Plaintiff written communication dated April 14, 2011 in which Defendant failed to notify Plaintiff that the communication was from a debt collector. (See Exhibit "A").

18.    In connection with the collection of an alleged debt, Defendant Pollack & Rosen, itself and on behalf of Defendant Unifund, sent Plaintiff written communication dated April 4, 2011 in which Defendant stated, in relevant part, as follows:

> "Unless you dispute the validity of this debt, or any portion thereof within thirty (30) days of receipt of this notice, we will assume this debt is valid. If you notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will, upon written request within thirty (30) days after receipt of notice, provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information we obtain will be used for that purpose."

Said statements led Plaintiff to believe that she would only receive the name and address of the original creditor if she made a written dispute and failed to notify Plaintiff that Defendant

would provide verification of the debt if a written dispute was made, and as such, Defendant failed to meaningfully convey the required disclosures, constituting an unfair and deceptive act in connection with the collection of an alleged debt. (See April 4, 2011 Correspondence, attached hereto as Exhibit "B").

19.    In connection with the collection of an alleged debt, Defendant Pollack & Rosen, itself and on behalf of Defendant Unifund, sent Plaintiff written communication dated April 4, 2011 in which Defendant stated, in relevant part, as follows:

> "A judgment has been entered against you.  Per Florida law, you are now a Judgment Debtor.  This judgment will be reflected on your credit and may negatively affect your ability to buy or sell a home.  Under Florida law, our client can execute upon a judgment as follows:
>
> A. Garnish your wages – which means taking part of your salary (unless you are head of household).  This is subject to applicable State and Federal guidelines.
> B. Foreclose your real estate – which means possibly having your property sold at auction unless that property is homestead or joint tenancy.
> C. Attach your personal property – which means having the sheriff sell your personal belongings (including, in some cases, your car, furniture, clothing and jewelry) to pay off the judgment.  This is subject to any applicable statutory and constitutional exemptions.
> D. Take your deposition in aid of execution – which means having you appear before a court reporter to tell us about your personal finances. This may become public record.  If you fail to appear, you may be held in contempt of court, taken by the Sheriff and brought before the Judge."

In making said statements within the initial thirty-day dispute period, Defendant overshadowed and obscured the required disclosures, constituting an unfair and deceptive act in connection with the collection of an alleged debt. (See Exhibit "B").

20.    In connection with the collection of an alleged debt, Defendant Pollack & Rosen, itself and on behalf of Defendant Unifund, sent Plaintiff written communication dated April 4, 2011 in which Defendant stated, in relevant part, as follows:

"Unless you dispute the validity of this debt, or any portion thereof within thirty (30) days of receipt of this notice, we will assume this debt is valid. If you notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will, upon written request within thirty (30) days after receipt of notice, provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information we obtain will be used for that purpose."

However, said letter was not the initial communication with Plaintiff nor was it sent within the initial thirty-day dispute period, and as such, Defendant falsely represented that Plaintiff could take advantage of the rights and notices provided by 15 U.S.C. § 1692g(a) constituting an unfair and deceptive act in connection with the collection of an alleged debt. (See Exhibit "B").

21.     Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

22.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21.

23.     Defendants violated 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated  15 U.S.C. §1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

24.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21.

25.     Defendants violated 15 U.S.C. §1692e(10) by using false representations and deceptive practice in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. §1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

26.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21.

27.     Defendants violated 15 U.S.C. §1692e(11)by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. §1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

28.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21.

29.     Defendants violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the required notices, either in the initial communication with Plaintiff, or in writing within 5 days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

30.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21.

31.    Defendants violated 15 U.S.C. §1692g(b) by overshadowing the required disclosures during the thirty-day dispute period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. §1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.


## COUNT VI
## VIOLATIONS OF THE SECTION 559.72(9) OF THE FCCPA
## AGAINST UNIFUND and POLLACK

32.    Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-21 of this complaint.

33.    Defendants violated §559.72(9) of the Florida Consumer Collection Practices Act by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is

not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

34.   As a result of Defendants' violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, SUSAN PRICE, by and through her attorneys, respectfully prays for judgment as follows:

a.   All actual compensatory damages suffered;

b.   Emotional and/or mental anguish damages;

c.   Statutory damages of $1,000.00;

d.   Plaintiff's attorneys' fees and costs;

e.   Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

35.   Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 25th day of June, 2011.

Respectfully submitted,
**SUSAN PRICE**

By:
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com

Exhibit "A"

Law Offices

# Pollack & Rosen

Professional Association

800 Douglas Road
North Tower, Suite 450
Coral Gables, Florida 33134
Telephone (305) 448-0006
Fax (305) 569-0101

Susan H Price                                                          April 14, 2011
5790 SE 183 Te:.
Ocklawaha, Fl. 32179

|  |  |
|---|---|
| **RE:   Our Client:** | Unifund CCR Partners, G.P. |
| **Debtor:** | Susan H Price |
| **Our File #:** | 1019710 |
| **Client#:** | UY273521/1019710 |
| **Previous Balance:** | $5,000.00 |
| **Current Balance:** | $400.00 |

Dear Susan H Price ,

This letter shall serve to acknowledge the fact that your balance with our Client Unifund CCR Partners, G.P. is $2,926.04. If you have any questions, please feel free to contact your account representative whose name is listed below.

Very truly yours,

Joseph F. Rosen, Esq.
Pollack & Rosen, P.A.

**Your account representative is:** Adrienne D., Ext 273

**Exhibit "B"**

Law Offices
# POLLACK & ROSEN, P.A.
Tele (305) 448-0006 • Tele (888) 448-1557 • Fax (305) 569-0101

April 4, 2011

**ACCOUNT IDENTIFICATION**

Price Susan H
5790 SE 183rd Ter
Ocklawaha FL 32179-3377

RE: FINAL JUDGMENT
Plaintiff:          UNIFUND CCR PARTNERS G.P.
Defendant:
File Number:     1019710
Amount Due:     $8838.74

A judgment has been entered against you. Per Florida law, you are now a Judgment Debtor. This judgment will be reflected on your credit and may negatively effect you ability to buy or sell a home. Under Florida law, our client can execute upon a judgment as follows:

A.    Garnish your wages - which means taking part of your salary (unless you are head of household). This is subject to applicable State and Federal guidelines.

B.    Foreclose your real estate - which means possibly having your property sold at auction unless that property is homestead or joint tenancy.

C.    Attach your personal property - which means having the sheriff sell your personal belongings (including, in some cases, your car, furniture, clothing and jewelry) to pay off the judgment. This is subject to any appliciable statutory and constitutional exemptions.

D.    Take your deposition in aid of execution - which means having you appear before a court reporter to tell us about your personal finances. This may become public record. If you fail to appear, you may be held in contempt of court, taken by the Sheriff and brought before the Judge.

You may avoid the above by immediately contacting our office to arrange for payment of this outstanding debt or by forwarding payment to our office with the account number referenced above.

Unless you dispute the validity of this debt, or any portion thereof within thirty (30) days of receipt of this notice, we will assume this debt is valid. If you notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will, upon written request within thirty (30) days after receipt of notice, provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information we obtain will be used for that purpose.

*** Detach Lower Portion and Return with Payment ***

2333-POROJDST-TYF7B953D8

TYF7B953D8
800 Douglas Rd N. Tower, Suite 450
Coral Gables FL 33134-3189
ADDRESS SERVICE REQUESTED

CHECK CREDIT CARD USING FOR PAYMENT AND FILL OUT BELOW
☐ MasterCard    ☐    ☐ VISA

CARD NUMBER

NAME ON CARD (PLEASE PRINT)                EXP. DATE

SIGNATURE

| STATEMENT DATE | ACCOUNT # | PAY THIS AMOUNT |
|---|---|---|
| 04/04/11 | 1019710 | $8838.74 |

#BWNKGZZ      JUDST1  2333
#TYF7B953D8#
Price Susan H
5790 SE 183rd Ter
Ocklawaha FL 32179-3377

Pollack & Rosen
800 Douglas Rd N. Tower, Suite 450
Coral Gables FL 33134-3189